IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS A. HYDE, JR. AND<br>CARRI P. HYDE,<br><br>     Plaintiffs,<br><br>v.<br><br>USAA FEDERAL SAVINGS BANK,<br><br>     Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>Civil Action No. 3:14-CV-04356 |

## MEMORANDUM OPINION AND ORDER

Pursuant to the consent of the parties and the order of transfer dated January 14, 2015, this case has been transferred for the conduct of all further proceedings and the entry of judgment.  Before the Court is *Plaintiffs' Motion to Remand*, filed December 31, 2014 (Doc. 5). Based on the relevant findings and applicable law, *Plaintiffs' Motion to Remand* is **GRANTED**.

## I. BACKGROUND

This case involves the foreclosure of real property located at 4532 Good Fellow Drive, Dallas, Texas 75229 (the Property).  (Doc. 1-3 at 3.)  On October 31, 2014, Thomas A. Hyde, Jr., and Carri P. Hyde (Plaintiffs) filed suit against USAA Federal Savings Bank (Defendant) in County Court at Law No. 1 of Dallas County, Texas, asserting violations of the Texas Constitution, breach of contract, anticipatory breach of contract, violations of the Texas Debt Collection Act (TDCA), unjust enrichment, negligence, and negligent misrepresentation.  (Docs. 1-3 at 2; 5 at 1.)  Plaintiffs seek actual and exemplary damages, declaratory judgment, "reasonable and necessary attorney's fees," and the costs of suit.  (Doc. 1-3 at 16–17.)

Plaintiffs purchased the Property in 1996.  (*Id.* at 3.)  On or about June 23, 2006, they executed a Texas Home Equity Deed of Trust securing a promissory note in the amount of

$419,000.00 in Defendant's favor. (*Id.* at 23.)  The deed of trust named Defendant as "Lender" and granted it certain contractual rights, including but not limited to, the right to accelerate the note, foreclose on the Property, and release the deed of trust. (*Id.* at 29–30.)

The note required Plaintiffs to pay Defendant $3,641.76 on the second day of each month. (*Id.* at 4, 23.)  Plaintiffs allege that they promptly made their payments from August 2, 2006, through September 2012, using Defendant's online payment system. (*Id.* at 4.)  When they used the system at the beginning of September 2012, however, "they were unable to access their account to make their regular monthly payment." (*Id.*)  According to a USAA representative, their "account was 'charged off' and no longer in the USAA system." (*Id.*)  After Plaintiffs were prevented from making their September payment, they allege that Defendant "put force-placed insurance on the Property in the amount of $2,800.00" and accelerated the promissory note. (*Id.* at 5.)

Plaintiffs filed suit alleging that Defendant wrongfully "charged off" their USAA account, stopped accepting payments, and foreclosed against their property. (*Id.* at 14–17.)  On December 11, 2014, Defendant removed the action, asserting federal question jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at 1–4.)  It contends that the resolution of the case necessarily depends on a substantial question of federal law, citing paragraph 45 of Plaintiffs' complaint:

> 45. Additionally, USAA breached the duties imposed by the Texas Finance Code, as argued above.  This is additional evidence of a duty.  *See Speleos v. BAC Home Loans Servicing, L.P.*, 755 F. Supp. 2d 304, 311 (D. Mass. 2010) (finding that evidence of a violation of the HAMP Guidelines may constitute evidence of breach of a duty even though HAMP does not provide a private right of action); *Rawlings v. Dovenmeuhle Mortg., Inc.,* 64. F. Supp. 2d 1156, 1167 (M.D. Ala. 1999) (finding that RESPA created a legal duty, and violating RESPA created a claim for negligence).

(*Id.*; 1-3 at 15.)  On December 31, 2014, Plaintiffs moved to remand the case pursuant to 28 U.S.C.

§ 1447(c) for lack of subject-matter jurisdiction. (Doc. 1 at 1.)

## II. REMOVAL

Any civil action brought in state court may be removed to federal court if the district court has original jurisdiction over that action. 28 U.S.C. § 1441(a). A district court's original jurisdiction is of two types: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction exists in all civil actions arising under the Constitution, laws, or treaties of the United States. *Id.* § 1331. Diversity jurisdiction exists in all civil actions where the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and there is diversity of citizenship between the parties. *Id.* § 1332(a).

To determine whether it has federal jurisdiction over the removed case, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.* If there is "any doubt about the propriety of removal, [it] must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

"[W]hen a court performs its duty to verify that it has jurisdiction, it may be required to survey the entire record, including the defendant's pleadings, and base its ruling on the complaint, on undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir. 1992) (citation omitted); *see also Smith v. Estate of Wagner*, No. CIV A H 06–02629, 2006 WL 2729282, at *3 (S.D. Tex. Sept. 25, 2006) (explaining that a "court . . . [may] consider the defendant's notice of removal, other pleadings, and the record as of the time of

3

removal if necessary to shed light on the plaintiff's pleadings"). "The purpose of this careful survey, however, is to shed light on the plaintiff's pleadings. The court's focus is on the plaintiff's pleadings, not the defendant's." *Aquafaith*, 963 F.2d at 808.

### III. FEDERAL QUESTION JURISDICTION

Plaintiffs argue that this case should be remanded because "there is no federal question before the Court." (Doc. 14 at 2.) Defendant argues that Plaintiffs' negligence claim establishes federal question jurisdiction because "Plaintiffs are attempting to establish a duty" under the federal Home Affordable Mortgage Program (HAMP) and the Real Estate Settlement Procedures Act (RESPA). (Doc. 12 at 2–4.) Because Plaintiffs cannot show the required elements of their negligence claim without resorting to federal law, Defendant argues, removal was proper. (*Id.* at 3–4.)

Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is presented when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duan Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008). To determine whether resolution of a substantial question of federal law is necessary, courts must determine whether "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Id.* at 338.

Mere reference to some aspect of federal law in the complaint does not automatically

4

establish federal question jurisdiction. *See, e.g.*, *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002); *Avitts v. Amoco Prod. Co.*, 53 F.3d 690 (5th Cir. 1995). Where Congress has not provided a "private federal remedy for violations of [a federal] statute," the fact that a violation of the statute is an element of the state claim is insufficient to establish a substantial federal interest. *See Merrell Dow*, 478 U.S. at 814; *Singh*, 538 F.3d at 336. In *Singh*, the Fifth Circuit found that federal trademark law (the federal law embedded in the plaintiff's legal malpractice claim) "not only provide[d] no [private] remedy for aggrieved clients to recover against negligent trademark attorneys[,] but also ha[d] an object entirely different from that of state malpractice law." *Singh*, 538 F.3d at 339. By its nature, the federal interest at stake did not "require[] [the] resolution of an important question of [federal] law," but was instead "predominantly one of fact," i.e., whether the defendant-attorney failed to introduce "available evidence that would have successfully established secondary meaning" of the plaintiff's trademark. *Singh*, 538 F.3d at 339. Accordingly, the Court found that the federal issue was not substantial. *Id.*

**A. HAMP**

Here, Defendant argues that Plaintiffs' reference to HAMP in their complaint raises a substantial federal issue because it "attempt[s] to establish a duty . . . created under federal law." (*See* doc. 12 at 4.)

"HAMP affords no private right of action." *Pennington v. HSBC Bank USA, N.A.*, 493 F. App'x 548, 552–53 (5th Cir. 2012); *Goffney v. Bank of Am., N.A.*, 897 F. Supp. 2d 520, 526 (5th Cir. 2012). "Congress's decision not to provide a private right of action under HAMP . . . is strong evidence that a claim alleging [HAMP] violations . . . as mere elements of a . . . [state] claim[] does not create a 'substantial' question of federal law." *Goffney*, 897 F. Supp. 2d at 527. In *Goffney*, the

5

plaintiff sued her bank for breach of contract and violations of the TDCA, alleging that the bank's foreclosure and subsequent sale of her home violated HAMP. *Id.* at 525. The bank argued that the plaintiff's claims raised a substantial federal issue because they required the interpretation of federal law. *Id.* Although the plaintiff's claims related to HAMP, the court remanded the case, holding that alleged violations of HAMP as evidence of state claims did not create substantial questions of federal law. *See id.* at 517 (citing *Merrell Dow,* 478 U.S. at 814) ("[T]he presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction.").

Here, Plaintiffs' complaint cites *Speleos v. BAC Home Loans Servicing, L.P.*, alleging that "evidence of a violation of the HAMP Guidelines may constitute evidence of breach of a duty even though HAMP does not provide a private right of action." (Doc. 1-3 at 15.) Even if Plaintiffs referenced HAMP in their complaint "to establish a duty . . . required for their negligence claim," an alleged violation of HAMP as an element of a negligence claim does not establish a substantial federal interest. *See Goffney*, 897 F. Supp. 2d at 527; *see also Chapman v. Bank of Am., N.A.*, No. C 14–03412 LB, 2014 WL 4954208, at *3 (N.D. Cal. Sept. 30, 2014) (alleging that the defendant violated HAMP in proving a claim for negligence does not establish federal question jurisdiction). Defendant has therefore failed to meet its burden to show that Plaintiffs' reference to HAMP in their complaint raises a substantial federal issue and that removal on this basis was proper.

**B. RESPA**

Defendant also argues that Plaintiffs' claim that it wrongly applied force-placed insurance raises a substantial federal issue because it requires a finding that Defendant violated RESPA. (Doc. 12 at 4–5.)

Alleging that "[Defendant] breached duties imposed by . . . RESPA" does not raise a substantial federal issue. *Brewster v. Nationstar Mortg., LLC*, No. 3:13–CV–2807–M, 2013 WL 6501261, at *6 (N.D. Tex. Dec. 10, 2013); *see Am. Home Shield of Tex. v. Tex.*, No. H–10–0808, 2010 WL 1903594, at *6 (S.D. Tex. May 10, 2010) (citing *Caterpillar Inc.*, 482 U.S. at 392). To raise a substantial federal issue, the plaintiff's state law claim must be "based solely on [the] [d]efendants' alleged violations of RESPA." *Brewster*, 2013 WL 6501261, at *6. Where a plaintiff alleges violations of RESPA, his intent not to bring a cause of action under RESPA demonstrates that no RESPA claim is stated. *Bass v. Am. Home Mortg. Servicing, Inc.*, No. 4:11-CV-633, 2012 WL 1142697, at *2–3 (E.D. Tex. Apr. 4, 2012) ("[N]o RESPA claim is stated . . . because Plaintiffs did not intend to state one, not because they have failed to adequately state one.") Where the plaintiff does not intend to bring a cause of action under RESPA and mentions RESPA only under her prayer, "such a minor reference cannot reach the level of 'substantial' . . . ." *Henry v. Bank of Am., N.A.*, No. 4:12–CV–786–A, 2012 WL 6730718, at *7 (N.D. Tex. Dec. 28, 2012).

Here, Plaintiffs' complaint cites *Rawlings v. Dovenmeuhle Mortg., Inc.*, asserting that "RESPA created a legal duty." (Doc. 1-3 at 15.) Plaintiffs argue that they "are not making claims for violations of RESPA." (Doc. 14 at 2.) Rather, they contend that they cited *Rawlings* to show that courts have found duties under various federal regulations, such as RESPA. (Doc. 14 at 2.) Plaintiffs' intent not to state a RESPA claim demonstrates that no RESPA claim is stated. *See Bass*, 2012 WL 1142697, at *2–3. Because Plaintiffs have not attempted to state a claim for violations of RESPA, mere reference to RESPA in their complaint does not establish a "substantial" federal issue. *See Henry*, 2012 WL 6730718, at *7. Thus, Defendant has failed to meet its burden to show that Plaintiffs' reference to RESPA in their complaint raised a substantial federal issue, and that

removal on this basis was proper.

In conclusion, Defendant has not met its burden to show federal question jurisdiction over this case.

### IV. CONCLUSION

*Plaintiffs' Motion to Remand* is **GRANTED**, and the case is remanded to the County Court at Law No. 1 of Dallas County, Texas.

**SO ORDERED** on this 27th day of April 2015.

                                                                  /s/ Irma Carrillo Ramirez
                                                                  IRMA CARRILLO RAMIREZ
                                                                  UNITED STATES MAGISTRATE JUDGE